IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GEARYENERGY LLC, Plaintiff, v. THE UNITED STATES, Defendant. | No. 06-25C (Judge Allegra) |

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Admits that on September 24, 2001, the United States Small Business Administration certified that GearyEnergy LLC ("Geary") was a small disadvantaged business for three years; denies the remaining allegations contained in the first sentence of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 1 to the extent supported by the written contracts pursuant to which Geary first supplied natural gas to the United States General Services Administration ("GSA") in September 2002, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 2. Admits the allegations contained in the third sentence of paragraph 1 to the extent supported by the cited contracts, which are the best evidence of their contents; otherwise denies the allegations contained in the third sentence of paragraph 1.

2. The allegations contained in paragraph 2 are plaintiff's characterizations of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the cited contracts, which are the best evidence

of their contents; otherwise denies the allegations contained in paragraph 2.

3. Denies the allegations contained in the first sentence of paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 3 to the extent supported by the cited contracts, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 3. Admits the allegations contained in the third sentence of paragraph 3 to the extent supported by the November 17, 2005 contracting officer's final decision cited in paragraph 2, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 3.

4. The allegations contained in the first sentence of paragraph 4 are plaintiff's characterizations of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second and third sentences of paragraph 4.

5. Denies.

6. The allegations contained in paragraph 6 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. Denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Admits.

9. Admits the allegations contained in paragraph 9 to the extent supported by the cited contracts, which are the best evidence of their contents; otherwise denies the allegations

contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the printouts of the cited on-line reverse auctions, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the cited contracts, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the cited contracts, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the cited contracts, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the cited contracts, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 14.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Admits that, on August 29, 2005, Hurricane Katrina made landfall in Louisiana; otherwise denies the allegations contained in the first sentence of paragraph 19. Admits that on August 29, 2005, President Bush declared that a major disaster existed in affected areas in Louisiana, Mississippi, Alabama, and Florida; otherwise denies the allegations contained in the second sentence of paragraph 19. Admits that on August 30, 2005, Secretary of Homeland Security Michael Chertoff announced that Hurricane Katrina was an "incident of national significance"; otherwise denies the remaining allegations contained in the third sentence of paragraph 19.

20. Admits the allegations contained in the first sentence of paragraph 20. Admits that on September 24, 2005, President Bush declared that a major disaster existed in affected areas in Louisiana and Texas; otherwise denies the allegations contained in the second sentence of paragraph 20.

21. Denies the allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22. Denies the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Admits that the Henry Hub interconnects with nine interstate and four intrastate pipelines; otherwise denies the remaining allegations contained in the first sentence of paragraph 23. Denies the allegations contained in the second sentence of paragraph 23.

24. Denies the allegations contained in the first, second, and third sentences of

paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the fourth sentence of paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the cited Federal Energy Regulatory Commission reports, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 25.

26. Denies the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Denies the allegations contained in paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28. Admits the allegations contained in paragraph 28 to the extent supported by the cited October 26, 2005 letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29. Admits that representatives from Geary and GSA met on November 2, 2005 at the request of Geary; otherwise denies the allegations contained in the first sentence of paragraph 29. Admits that, during the November 2, 2005 meeting, Geary representatives presented a contract restructuring proposal, and GSA representatives directed Geary to submit a more substantial proposal regarding making the Government whole; otherwise denies the allegations contained in the second sentence of paragraph 29.

30. Admits the allegations contained in paragraph 30 to the extent supported by the cited November 4, 2005 letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Admits the allegations contained in paragraph 31 to the extent supported by

the cited November 8, 2005 letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32. Admits the allegations contained in paragraph 32 to the extent supported by the November 8, 2005 letter cited in paragraph 31, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33. Admits the allegations contained in paragraph 33 to the extent supported by the cited November 14, 2005 letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

34. Admits the allegations contained in paragraph 34 to the extent supported by the November 14, 2005 letter cited in paragraph 33, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 34.

35. Admits the allegations contained in paragraph 35 to the extent supported by the cited November 17, 2005 contracting officer's final decision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Admits the allegations contained in paragraph 36 to the extent supported by the November 17, 2005 final decision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 36.

37. Admits the allegations contained in the first sentence of paragraph 37 to the extent supported by the cited November 17, 2005 final decision, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 37. Denies the allegations contained in the second sentence of paragraph 37; avers that the November 8, 2005 letter stated that "the Force Majeure clause of the subject contracts

required Geary to provide notice and full details of the event for which Geary might claim force majeure protection as soon as practicable" and that Geary provide "as soon as possible . . . details regarding Geary's abilities and intentions regarding performance under the subject contracts for the remainder of their terms."

38. Admits the allegations contained in the first sentence of paragraph 38 to the extent supported by the cited November 17, 2005 final decision, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 38. Denies the allegations contained in the second sentence of paragraph 38. Admits the allegations contained in the third sentence of paragraph 38 to the extent supported by the cited contracts, which are the best evidence of their contents; otherwise denies the allegations contained in the third sentence of paragraph 38. Denies the allegations contained in the fourth sentence of paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth.

39. The allegations contained in paragraph 39 are plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

40. Admits the allegations contained in paragraph 40 to the extent supported by the cited December 8, 2005 contracting officer's final decision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41. Admits the allegations contained in paragraph 41 to the extent supported by the cited December 8, 2005 final decision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. Defendant incorporates its responses to paragraph 1-41 above.

43. Admits the allegations contained in paragraph 42 to the extent supported by the cited contracts, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 43.

44. Admits that Hurricane Katrina and Hurricane Rita disrupted the supply of natural gas from the Gulf of Mexico region and increased the market price for natural gas; otherwise denies the remaining allegations contained in paragraph 44.

45. Denies.

46. Admits the allegations contained in paragraph 46 to the extent supported by the November 17, 2005 contracting officer's final decision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 46.

47. Denies.

48. Denies.

49. Denies.

50. Defendant incorporates its responses to paragraph 1-49 above.

51. The allegations contained in paragraph 51 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

52. Denies.

53. Denies.

54. Denies.

55. Denies.

56. Defendant incorporates its responses to paragraph 1-56 above.

57. Admits the allegations contained in paragraph 57 to the extent supported by the cited December 8, 2005 contracting officer's final decision, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 57.

58. The allegations contained in paragraph 58 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

59. The allegations contained in the first sentence of paragraph 59 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 59 to the extent supported by the cited December 8, 2005 contracting officer's final decision, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 59.

60. Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 59, or to any relief whatsoever.

61. Denies each and every allegation not previously admitted or otherwise qualified.

**DEFENDANT'S COUNTERCLAIM**

Pursuant to Rule 13(a) of the Rules of the United States Court of Federal Claims, the United States counterclaims against plaintiff GearyEnergy LLC, and alleges as follows:

1. This Court possesses jurisdiction to entertain this counterclaim pursuant to 28 U.S.C. § 2508.

2. GSA entered into three firm-fixed-price contracts with Geary to supply natural gas at a fixed price per decatherm to Federal facilities identified in the three contracts: GS-00P-04-BSC-0307 ("the 307 contract"), effective August 3, 2004; GS-00P-04-BSC-0326 ("the 326 contract"), effective August 26, 2004; and GS-00P-04-BSC-0331 ("the 331 contract"), effective August 31, 2004.

3. The 307 contract covered ten facilities for a term expiring August 31, 2006, and three more facilities for a term expiring September 30, 2006.

4. The 326 contract covered one facility – Florence Federal Correctional Institution – for a term expiring October 31, 2006.

5. The 331 contract covered four facilities for a term expiring November 30, 2006.

6. On October 20, 2005, Geary's president, Frank Geary, informed GSA contracting officer Linda Collins by telephone that Geary would not continue to supply natural gas at the firm fixed price provided in the 307, 326, and 331 contracts because Geary's supplier had terminated its contract with Geary in November 2004.

7. On November 2, 2005, during a meeting between representatives of Geary and GSA, Geary presented a "Contract Restructuring Proposal" that requested "a price increase (as specified further in attached spreadsheet) under the existing contracts [GSA #GS-00P-04-BSC-0307, 0326, 0331]."

8. The "Contract Restructuring Proposal" also stated that "[f]ull contract performance at current contract prices will cause **total** losses to equal $4,641,567 and will render GearyEnergy insolvent and unable to perform under the contract as of November 30,

2005" (emphasis in original).

9. On November 4, 2005, Geary sent contracting officer Linda Collins a letter proposing that "GSA shall have the option to convert the index price referenced above to a fixed price on or before November 7, 2005 via written request to GearyEnergy. Due to the timing and volatility of the market the fixed priced referenced in this proposal is an indication only."

10. On November 8, 2005, Ms. Collins rejected Geary's proposal to modify the contract, and requested that Geary provide "as soon as possible but in no event later than three business days following your receipt of this letter, details regarding Geary's abilities and intentions regarding performance under the subject contracts for the remainder of their terms."

11. On November 14, 2005, Geary's counsel responded to Ms. Collins' November 8, 2005 letter, stating that "GearyEnergy is unable to carry out its obligations" pursuant to the 307, 326, and 331 contracts.

12. On November 17, 2005, issued a contracting officer's final decision to Geary terminating for default the three 307, 326, and 331 contracts.

13. The November 17, 2005 final decision identified the 18 facilities covered by the 307, 326, and 331 contracts, and stated that "[b]ased on information from the Local Distribution Companies (LDC) which serve[] the above[-]referenced facilities, Geary did not nominate natural gas supply for November 2005." Section A.8 of the 307, 326, and 331 contracts states that "[i]t is the Contractor's responsibility to conduct all required nominations on behalf of the accounts specified herein." Geary was required to make the

nominations for November 2005 by the end of October 2005.

14. The November 17, 2005 final decision also stated that Geary's "response dated November 14, 2005 fails to address Geary's abilities and intentions to fulfill its obligations under the contract," and explained that the termination for default was "[b]ased on your failure to substantiate your claim of force majeure, and your failure to perform."

15. The November 17, 2005 final decision notified Geary that "GSA will immediately seek other contractors to provide the energy services" that Geary was required to provide by the 307, 326, and 331 contracts.

16. On December 8, 2005, Ms. Collins sent a contracting officer's final decision to Geary identifying the 18 facilities for which GSA had reprocured natural gas supply contracts for new terms ranging from March 2006 through August 2006. The final decision stated that stated that "[t]he cost of the reprocured natural gas supply for the above facilities is $3,666,719.401."

17. The December 8, 2005 final decision stated that "[a]t the end of the reprocurement contract terms, GSA will reprocure supply for the remainder of Geary's contract terms for the above[-]listed facilities. Separate demand letters will be submitted to reflect the reprocurement costs to the end of Geary's contract terms."

<u>First Cause Of Action</u>

18. Defendant incorporates its allegations in paragraphs 1-18 of its counterclaim.

19. The 307, 326, and 331 contracts required Geary to provide natural gas to the facilities identified in the contracts at the fixed price and for the term specified in the contracts.

20. Geary breached the contracts by failing to nominate natural gas supply for the facilities for November 2005, and by refusing to provide natural gas at the firm fixed-price stated in the contracts.

21. Defendant is entitled to recover its excess costs in reprocuring natural gas supply that Geary was required to provide.

22. Defendant has already demanded payment for some of its reprocurement costs pursuant to 48 C.F.R. § 32.611, and will issue additional demand letters as it incurs additional costs.

WHEREFORE, defendant requests that the Court enter judgment in its favor as follows:

A) awarding defendant its reprocurement costs in an amount to be established at trial of at least $3,666,719.401, plus interest;

B) ordering that the complaint be dismissed; and

C) granting defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

OF COUNSEL:

DAVID A. LEIB
Assistant General Counsel
Office of General Counsel
U.S. General Services Administration
1800 F Street, N.W., Room 4124
Washington, D.C. 20405

s/ John H. Williamson

JOHN H. WILLIAMSON
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0277
Fax: (202) 307-0972

March 22, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 22nd day of March, 2006, a copy of the foregoing "DEFENDANTS' ANSWER AND COUNTERCLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ John H. Williamson