**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| GearyEnergy, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 06-25C |
| The United States, | ) | (Judge Allegra) |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

Plaintiff, GearyEnergy, LLC, ("Geary") answers defendant's counterclaim as follows:

1. The allegation contained in paragraph 1 is a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, Geary admits that defendant purports to bring this action under the listed statute.

2. Geary admits the allegations in paragraph 2 to the extent they are supported by the cited contracts, which is the best evidence of their contents; otherwise Geary denies the allegations contained in paragraph 2.

3. Geary admits the allegations in paragraph 3 to the extent they are supported by the cited contracts, which is the best evidence of their contents, and consistent with the allegations in paragraph 11 of the Complaint; otherwise Geary denies the allegations contained in paragraph 3.

4. Geary admits the allegations in paragraph 4 to the extent they are supported by the cited contracts, which is the best evidence of their contents, and consistent with the allegations in paragraph 11 of the Complaint; otherwise Geary denies the allegations contained in paragraph 4.

5. Geary admits the allegations in paragraph 5 to the extent they are supported by the cited contracts, which is the best evidence of their contents, and consistent with the allegations in paragraph 11 of the Complaint; otherwise Geary denies the allegations contained in paragraph 5.

6. Denied

7. Geary admits the allegations in paragraph 7 to the extent they are consistent with the allegations of paragraph 29 of the Complaint; otherwise Geary denies the allegations contained in paragraph 7.

8. Geary admits the allegations in paragraph 8 to the extent they are supported by the cited documents, which is the best evidence of its contents; otherwise Geary denies the allegations contained in paragraph 2.

9. Geary admits the allegations in paragraph 9 to the extent they are supported by the cited document, which is the best evidence of its contents, and consistent with the allegations in paragraph 30 of the Complaint; otherwise Geary denies the allegations contained in paragraph 9.

10. Geary admits the allegations in paragraph 10 to the extent they are supported by the cited document, which is the best evidence of its contents, and consistent with the allegations in paragraphs 31 and 32 of the Complaint; otherwise Geary denies the allegations contained in paragraph 10.

11. Geary admits the allegations in paragraph 11 to the extent they are supported by the cited document, which is the best evidence of its contents, and consistent with the allegations in paragraphs 33 and 34 of the Complaint; otherwise Geary denies the allegations contained in paragraph 11.

12. Geary admits the allegations in paragraph 12. *See* Compl. ¶ 35.

13. Geary admits the allegation in the first sentence of paragraph 13 to the extent it is supported by the cited document, which is the best evidence of its contents, otherwise Geary denies the allegations contained in the first sentence paragraph 13, and Geary denies the underlying factual assertion contained in the cited document. Geary admits the allegations in second sentence of paragraph 13 to the extent they are supported by the cited contracts, which is the best evidence of their contents; otherwise Geary denies the allegations contained in the second sentence of paragraph 3. The allegation contained in the third sentence of paragraph 13 is a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, Geary denies the allegation in the third sentence of paragraph 13.

14. Geary admits the allegations in paragraph 14 to the extent they are supported by the cited document, which is the best evidence of its contents; otherwise Geary denies the allegations contained in paragraph 14. Geary denies the underlying factual assertions contained in the cited document.

15. Geary admits the allegations in paragraph 15 to the extent they are supported by the cited document, which is the best evidence of its contents; otherwise Geary denies the allegations contained in paragraph 15.

16. Geary admits the allegations in paragraph 16 to the extent they are supported by the cited document, which is the best evidence of its contents; otherwise Geary denies the allegations contained in paragraph 16.

17. Geary admits the allegations in paragraph 17 to the extent they are supported by the cited document, which is the best evidence of its contents; otherwise Geary denies the allegations contained in paragraph 17.

## First Cause of Action

18. Geary incorporates its responses in paragraphs 1-18.

19. The allegation contained in paragraph 19 is a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, Geary denies the allegation in paragraph 19.

20. The allegation contained in paragraph 20 is a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, Geary denies the allegation in paragraph 20.

21. The allegation contained in paragraph 21 is a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, Geary denies the allegation in paragraph 21.

22. Geary admits that defendant has already made a demand; Geary lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 22.

Geary denies that defendant is entitled to any of the relief requested in its prayer for relief.

## AFFIRMATIVE DEFENSES

Geary, without assuming the burden of proof when the burden of proof rests on the defendant, asserts the following separate and independent affirmative defenses in further opposition to defendant's counterclaim:

## FIRST AFFIRMATIVE DEFENSE

Defendant has failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendant has failed to establish the reasonableness of the reprocurement costs it seeks to charge Geary.

**THIRD AFFIRMATIVE DEFENSE**

Geary hereby reasserts Counts I, II, and III of the Complaint as affirmative defenses to defendant's entitlement to the reprocurement costs it seeks in its counterclaim.

**FOURTH AFFIRMATIVE DEFENSE**

Geary reserves the right to assert other defenses as this action proceeds. Additional facts may become known during the course of discovery and investigation which will support affirmative defenses that currently are unknown to Geary. To preserve such affirmative defenses, Geary hereby incorporates by reference all of the affirmative defenses set forth in Rule 8(c) of the Rules of the United State Court of Federal Claims and reserves the right to assert additional affirmative defenses as discovery proceeds.

WHEREFORE, Geary incorporates the Prayer for Relief included in its complaint, and further prays that that defendant's counterclaim be dismissed with prejudice and judgment entered in favor of Geary and against defendant.

Respectfully submitted.

/s/ Marcia G. Madsen

MARCIA G. MADSEN
DAVID F. DOWD
WILLIAM L. OLSEN
*Mayer, Brown, Rowe & Maw LLP*
*1909 K Street, N.W.*
*Washington, D.C. 20006*
*(202) 263-3274 (Phone)*
*(202) 263-5274 (Fax)*

*Attorneys for GearyEnergy, LLC*

April 14, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2006, a copy of the foregoing "Plaintiff's Answer to Defendant's Counterclaim" was filed electronically. I understand that notice of the filing will be sent to all parties by operation of the Court's electronic filings system. Parties may access this filing through the Court's system.

/s/ Marcia G. Madsen
Marcia G. Madsen