**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| GEARYENERGY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 06-25C |
| THE UNITED STATES, | ) | (Judge Allegra) |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the Court of Federal Claims ("RCFC"), the parties respectfully submit the following joint preliminary status report. The parties, plaintiff GearyEnergy, LLC, ("Geary"), and defendant, the United States, answer the questions listed in Appendix A, ¶ 4, as follows:

**(a) Jurisdiction**

Plaintiff's position: The Court possesses jurisdiction over Geary's Complaint and the Government's Counterclaim.

Defendant's position: Defendant currently is unaware of any reason why the Court lacks jurisdiction to entertain this action.

**(b) Consolidation**

The parties agree that this case should not be consolidated with any other cases.

**(c) Bifurcation**

Plaintiff's position: The Complaint seeks review of a Contracting Officer's default termination and assessment of reprocurement costs against Geary. Count III of the Complaint specifically challenges the assessment of reprocurement costs. Because the issue of the amount of reprocurement costs (if any) to which the Government has established its entitlement will be

at issue in litigating Count III, damages will be inevitably intertwined with the questions of liability. Consequently, it would be impractical to bifurcate the trial of liability and damages.

Defendant's position: At this time, defendant does not believe the issues of liability and damages need to be bifurcated for trial.

**(d) Deferral Pending Other Proceedings**

The parties agree that proceedings should not be deferred pending consideration of another case.

**(e) Remand Or Suspension**

The parties agree that no remand or suspension is appropriate.

**(f) Additional Parties**

The parties agree that no additional parties should be joined in the case.

**(g) Parties' Intentions As To RCFC 12(b), 12(c) and 56 Motions**

Plaintiff's position: At this time, Geary anticipates that it will file a motion under RCFC 56 within 60 days of the close of discovery. Discovery is necessary prior to the filing of dispositive motions in order to examine the Government's position in relation to the effects of Hurricanes Katrina and Rita, to examine the Government's treatment of other contractors (specifically small business contractors) under this program, and to obtain information concerning the Government's process for reprocuring the Geary's contract, as well as the price the Government paid in the reprocurement contracts.

Defendant's position: The Government believes that the issue of liability upon the claims set forth in plaintiff's complaint can be resolved through dispositive motions and it intends to file a RCFC 12(c) motion for judgment upon the pleadings and/or a RCFC 56 motion for summary judgment seeking dismissal of the complaint. In addition, the Government intends to file a

motion for summary judgment with respect to its counterclaim. The Government anticipates filing its dispositive motion on or before August 23, 2006. The Government disagrees with plaintiff's assertion that discovery is necessary. The subject matter of plaintiff's proposed discovery is not material to the Government's planned dispositive motion. The meaning of the relevant contract provisions may be determined as a matter of law. Further, much of the discovery sought by plaintiff concerns issues of quantum, which are not relevant to the liability issues that the Government plans to raise in its motion.

**(h) Relevant Factual And Legal Issues**

Plaintiff's position: Relevant factual and legal issues in this case include, but are not limited to:

1. Whether the Government breached Geary's contracts with the Government by failing to honor Geary's invocation of the contracts' Force Majeure and excusable delay clauses.
2. Whether the Government properly terminated Geary for default.
3. Whether the Government breached its implied duty not to hinder the Geary in Geary's performance of the contract.
4. Whether the Government has established its entitlement to reprocurement costs.

Defendant's position:

1. Whether the contracts' force majeure clause excused Geary's failure to perform the contracts.
2. Whether the contracts' excusable delay provision excused Geary's failure to perform the contracts.

3. Whether the commercial impracticability doctrine excused Geary's failure to perform the contracts.

4. Whether the Government was entitled to terminate the contracts for default when Geary failed to perform the contracts.

5. Whether Geary breached its contracts with the Government by failing to perform its contractual obligations.

6. The amount of damages for which Geary is liable based upon its contractual breaches.

**(i) Likelihood Of Settlement**

Plaintiff's position: Geary is a small business. The Government's position that Geary owes the Government over $3 million in the face of the federally declared disasters related to Hurricanes Katrina and Rita leaves little room for compromise. No settlement negotiations are underway, and none are anticipated at this time. Geary is not opposed to good faith discussions aimed at a reasonable settlement of its claims. Similarly, Geary is open to the idea of alternative dispute resolution.

Defendant's position: The parties have not yet engaged in settlement discussions and defendant cannot at this time predict the likelihood of settlement. The Government does not believe that any form of alternative dispute resolution is appropriate at this time.

**(j) Do The Parties Anticipate Proceeding To Trial**

Plaintiff's position: Although Geary anticipates filing a dispositive motion at the close of discovery, at this time, Geary foresees this case proceeding to trial. Expedited trial scheduling is not requested.

Defendant's position: In the absence of a settlement or disposition of the case through pretrial motions, the Government anticipates that this case will proceed to trial.

**(k) Electronic Case Management**

The parties do not foresee any special electronic case management issues.

**(l) Other Information Of Which The Court Should Be Aware At This Time**

The parties agree that there is no other information of which the Court should be aware at this time.

**(m) Proposed Discovery Plans**

Plaintiff's position: Plaintiff proposes the following deadlines to accomplish disclosures, exchanges, and submissions required by RCFC 26(a):

**(1) RCFC 26(a)(1) Initial Disclosures**

Disclosure by July 14, 2006

**(2) Fact Discovery**

Fact discovery shall be completed by June 19, 2007.

**(3) Expert Discovery**

Geary proposes the following expert discovery schedule:

**(a) RCFC 26(a)(2)(A) - Identity**

The identity of experts should be disclosed within 14 days of the close of fact discovery.

**(b) RCFC 26(a)(2)(B) – Report**

Expert reports should be exchanged no later than 75 days after the close of fact discovery. Experts may be deposed, but such depositions are to take place within 105 days after the close of fact discovery.

Defendant's position: Because the Government expects to file a dispostive motion, and because there are no genuine issues of material fact, the Government respectfully requests that the Court stay all discovery (other than initial disclosures) to provide the parties with the opportunity to resolve this case through dispositive motions. The Government intends to file a dispositive motion upon all claims raised in plaintiff's complaint and upon the Government's counterclaim on or before August 23, 2006. In the event that discovery is not stayed, the Government agrees with the discovery schedule set forth by plaintiff, above.

Respectfully submitted,

/s/ Marcia G. Madsen

MARCIA G. MADSEN
DAVID F. DOWD
WILLIAM L. OLSEN
*Mayer, Brown, Rowe & Maw LLP*
*1909 K Street, N.W.*
*Washington, D.C. 20006*
*(202) 263-3274 (Phone)*
*(202) 263-5274 (Fax)*

*Attorneys for GearyEnergy, LLC*

Dated: June 5, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

***s/ Franklin E. White, Jr.***
FRANKLIN E. WHITE, JR.
Assistant Director

***s/ Richard P. Schroeder***
Richard P. Schroeder
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tel: (202) 305-7788
Fax: (202) 353-7961

Attorneys for Defendant

Dated: June 5, 2006