**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| GEARYENERGY, LLC, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 06-25C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the representations made in the parties previous status report, filed July 14, 2006, the parties respectively submit this Joint Status Report to express their respective views regarding the most efficient method of resolving the claims raised in this case, and specifically whether dispositive motions are warranted prior to full discovery. Counsel to plaintiff, GearyEnergy, L.L.C. ("Geary") has reviewed this status report and has authorized the Government to file it upon the parties' behalf.

Geary does not believe it is appropriate to limit the scope of discovery at this time and believes that a dispositive motion is inappropriate. The Government never made a workable proposal for limiting discovery. As Geary mentioned in the July 14, 2006 Status Report filed with the Court, limiting discovery at this time will lead to inefficiencies in the process and lead to unnecessary discovery disputes regarding whether a particular discovery request is relevant to the Government's liability. For example, the Government chose to terminate Geary's contract for default rather than engage in negotiations with Geary concerning Geary's proposal to continue performance of the contract with modifications. Geary intends to, and is entitled to, discover the factual and legal basis for the Government's decision not to make a counter-proposal and,

instead, terminate Geary for default. Did the Government already have a better offer in place with a reprocurement contractor? In addition, how much more (or less) did the Government end up paying a reprocurement contractor compared to Geary's proposal? Such information is relevant to whether the Government hindered Geary's performance of the contract (Count II of the Complaint). Geary fears that should it seek such information now, under the Government's limited discovery proposal, that the Government would object to the request on the basis that it involves the Government's reprocurement decision in addition to the Government's default termination decision, and thus is outside the scope of the "limited" discovery.

Moreover, recognizing that the Government's termination letter referenced other contractors who did not claim force majeure due to the hurricanes, Geary is entitled to discover what information the Government possesses about these contractors to whom Geary is being compared. Geary is also entitled to discovery concerning what information the Government possesses concerning the increased prices of gas, and what internal directives were given concerning the Presidential disaster declarations. Finally, Geary is entitled to know why the Government believes the invocation of a force majeure clause is an event of default. In light of all of this, it is Geary's intention to file a motion for discovery, should the Government choose to file a dispositive motion at this point in the litigation.

The Government does not agree that the issues raised by Geary, above, entitle it to discovery or that those matters are relevant to the Government's anticipated dispositive motion. Further, the Government continues to believe that filing a dispositive motion seeking dismissal of plaintiff's complaint is warranted, that there is no benefit to

conducting full discovery regarding plaintiff's claims, and that doing so will simply delay the ultimate resolution of plaintiff's claims.

In light of this, the Government intends to file a dispositive motion pursuant to Rule 12(c) of the Rules of the United States Court of Federal Claims ("RCFC") and/or RCFC 56, upon the claims raised in plaintiff's complaint. The Government's motion will be limited to liability issues and will not address damages. As discussed in the parties' prior status report, the Government intends to file this motion on or before August 23, 2006. The Government proposes to defer filing a dispositive motion regarding its counterclaim.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

*s/ Franklin E. White, Jr.*

FRANKLIN E. WHITE, JR.
Assistant Director

*s/ Richard P. Schroeder*

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

July 24, 2006

Certificate of Filing

I hereby certify that on July 24, 2006, a copy of foregoing JOINT STATUS REPORT was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Richard P. Schroeder